UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY B. MYERS,

    Plaintiff,

v.                                Case No.: 24-CA-_____

CITY OF NAPLES, FLORIDA,
TERESA HEITMANN, RALF BROOKES,
JAY BOODHESHWAR, ERICA MARTIN,
NAPLES COMMUNITY HOSPITAL, INC.,

    Defendants.
_____/

## COMPLAINT

Plaintiff, GREGORY B. MYERS files this complaint (the "Complaint") against Defendants CITY OF NAPLES, FLORIDA, TERESA HEITMANN, RALF BROOKES, JAY BOODHESHWAR, ERICA MARTIN, and NAPLES COMMUNITY HOSPITAL, INC., and alleges:

## PARTIES

1. Plaintiff, GREGORY B. MYERS ("Myers" or "Plaintiff"), is a citizen of the State of Florida and owns property at 700 Gulf Shore Boulevard North, Naples, Florida 34102.

2. Defendant CITY OF NAPLES, FLORIDA (hereinafter "City"), is a municipal corporation and political subdivision of the State of Florida.

3. Defendant TERESA HEITMANN (hereinafter "Heitmann" or "Mayor") is the Mayor of the City of Naples and a citizen of the State of Florida.

4. Defendant RALF BROOKES (hereinafter "Brookes" or "City Attorney") is the City Attorney for the City of Naples and a citizen of the State of Florida.

1

5. Defendant JAY BOODHESHWAR (hereinafter "Boodheshwar" or "City Manager") is the City Manager for the City of Naples and a citizen of the State of Florida.

6. Defendant ERICA MARTIN (hereinafter "Martin" or "Planning Director") is the Director of Planning for the City of Naples and a citizen of the State of Florida.

7. Defendant NAPLES COMMUNITY HOSPITAL, INC. is a Delaware limited liability company Naples Community Hospital Inc., controlled by NCH Healthcare System, Inc. (hereinafter "NCH").

## JURISDICTION AND VENUE

8.` This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §§ 1331 and 1343; 42 U.S.C. §§ 1983 and 1985 for federal claims arising under the Constitution and Laws of the United States; and 28 U.S.C. § 1367 for any supplemental state law claims. This Court is authorized to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202, and implemented through Rule 57 of the Federal Rules of Civil Procedure.

9. Venue is proper in this district pursuant to 28 U.S.C. § 139l.

## GENERAL ALLEGATIONS

10. On August 26, 1887, the "PLAN OF NAPLES" was filed in the Office of the Circuit Court of Lee County, Florida, and recorded in Plat Book 1, page 8, Lee County Records. A certified copy of the PLAN OF NAPLES was recorded on September 27, 1923, in Plat Book 1, Page 8, Collier County Records.

11. On April 13, 1925, the officers of the "Council of the Town of Naples" having been named, appointed. and designated in Chapter 9846 of the Laws of Florida, Special Acts of the Legislature, 1923, which became effective on December 1, 1923, had a meeting "for the purpose

of causing the said Town of Naples to function as a municipal corporation under the Laws of the State of Florida."

12. On February 1, 2000, the qualified electors of the City of Naples, Florida overwhelmingly approved the commercial building height charter amendment.

13. On October 16, 2022, the City of Naples acting by and through its City Council ("City Council"), adopted Ordinance 2022-14933 amending Chapter 58, Zoning, Article II, Zoning Districts, Division 28 – PS Public Service District, of the City of Naples Land Development Code, providing specific regulations pertaining to community hospitals, in order to facilitate the construction of a hospital building in excess of 3 stories and 42 feet in height on the current NCH campus.

14. On or about September 28, 2023, Defendant NCH submitted to the City of Naples an "Rezone Petition Application" with an "attached Summary of Facts" dated 9-29-2023 (collectively, the "Rezone Application"). **Exhibit A**. The Rezone Application identifies the "Petitioner: NCH Community Hospital, Inc." and the "Property Owner: Naples Community Hospital, Inc." The Rezone Application states, "NCH Healthcare Services seeks to rezone a portion of its downtown Naples Community Hospital campus from the current M - Medical zoning district to the PS district" (the "Project Site" or "Limits of P.S. Rezone and CU Request").

15. The boundary survey submitted in connection with the Rezone Application describes the Project Site (i.e., "Limits of P.S. Rezone and CU Request"), as follows:

> Lots 1 through 22, Block 23, Tier 7, and Lots 1 through 22, Block 24, Tier 7, Lots 1 through 24, Block 23, Tier 8 and Lots 1 through 24, Block 24, Tier 8, **Plan of Naples, according to the plat thereof as recorded in Plat Book 1, page 8 of the Public Records of Collier County, Florida** together with all vacated east-west and north-south alleys and that vacated portion of 3rd Avenue North lying between 6th Street and 8th Street and that vacated portion of

       7th Street lying between second Avenue North and 4th Avenue North.

(Emphasis supplied).

16. On February 7, 2024, City Council passed and adopted ORDINANCE 2024-15299 ("Rezone Ordinance 2024-15299"), entitled:

> AN ORDINANCE FOR THE PURPOSE OF DETERMINING REZONE PETITION 23-R3 TO REZONE APPROXIMATELY **13.72 ACRES** FROM THE "M", MEDICAL DISTRICT, TO THE "PS", PUBLIC SERVICE DISTRICT, PURSUANT TO SECTION 46-32 OF THE CODE OF ORDINANCES OF THE CITY OF NAPLES, FOR A PORTION OF THE PROPERTY LOCATED AT 350 7TH STREET NORTH, OWNED BY NAPLES COMMUNITY HOSPITAL, INC., MORE FULLY DESCRIBED HEREIN; AND PROVIDING AN EFFECTIVE DATE.

(Emphasis supplied). A copy of Rezone Ordinance 2024-15299 as filed with the City of Naples City Clerk on March 1, 2024, is attached hereto as **Exhibit B**.

17. On February 7, 2024, City Council also considered Conditional Use Petition 23-CU7, relating to a conditional use for the Naples Community Hospital pursuant to Section 46-34 and Section 58-833 of the Code of Ordinances of the City of Naples for the development of a community hospital to be known as the Naples Community Hospital Heart, Vascular, and Stroke Institute, in the "PS" Public Service District, on property owned by Naples Community Hospital, Inc., and voted to approve RESOLUTION 2024-15306 ("CU Resolution 2024-15306"). Upon information and belief, CU Resolution 2024-15306 has not been filed with the City of Naples City Clerk.

18. On February 7, 2024, City Council also considered Site Plan Petition 23-SP10 for the Naples Community Hospital to develop a Heart, Vascular, and Stroke Institute, Pursuant to Section 46-33 and Section 58-842 of the Code of Ordinances of the City of Naples, for property owned by Naples Community Hospital, Inc. and voted to approve RESOLUTION 2024-15307

("SP Resolution 2024-15307"). Upon information and belief, SP Resolution 2024-15307 has not been filed with the City of Naples City Clerk.

19. All conditions precedent to bringing this action have occurred or been otherwise waived.

## COUNT I
### Breach of Contract
### (Plan Of Naples)

20. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

21. The Plan of Naples, according to the plat thereof as recorded in Plat Book 1, page 8 of the Public Records of Collier County, Florida is a valid and binding contract.

22. Plaintiff is a beneficiary of the Plan Of Naples.

23. Plaintiff has vested rights in the Plan Of Naples.

24. Defendants have no right to unilaterally modify the Plan Of Naples.

25. Defendants have breached the Plan Of Naples.

26. Plaintiff has been injured by the Defendants breach of the Plan Of Naples.

WHEREFORE, Plaintiff, GREGORY B. MYERS, respectfully requests that the Court enter judgment in favor of Plaintiff and against the Defendants, jointly and severally, awarding damages; awarding temporary and permanent injunctive relief; awarding costs of this suit; and such other further relief as the Court deems just and proper.

## COUNT II
### 42 U.S.C. § 1983
### Violation of Constitutional Procedural Due Process

27. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

28. Plaintiff has a legal interest in the property which is the subject of Rezone Ordinance 2024-15299.

29. Plaintiff's legal interest in the in the property which is the subject of Rezone Ordinance 2024-15299 is a constitutionally protected property interest.

30. The Defendants, acting under color of law, failed to follow federal, state, and local law in connection with the adoption of Rezone Ordinance 2024-15299, depriving Plaintiff of his rights and privileges protected by the Constitution and laws of the United States, and adversely affecting the value and use of the Plaintiff's Property.

31. Such deprivation was without rational basis, including without limitation having improper motives and by means that were pretextual, arbitrary and/or capricious.

32. The foregoing constitutes a violation of Plaintiffs procedural due process rights.

33. As a result of such violation, Plaintiff has suffered injury, and such injury has resulted in damages to Plaintiff.

WHEREFORE, Plaintiff, GREGORY B. MYERS, respectfully requests that the Court enter judgment in favor of Plaintiff and against the Defendants, jointly and severally, awarding damages; awarding temporary and permanent injunctive relief; awarding costs of this suit; and such other further relief as the Court deems just and proper.

## COUNT III
### 42 U.S.C. § 1983
### Violation of Constitutional Substantive Due Process

34. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

35. Plaintiff has a legal interest in the property which is the subject of Rezone Ordinance 2024-15299.

36. Plaintiff's legal interest in the in the property which is the subject of Rezone Ordinance 2024-15299 is a constitutionally protected property interest.

37. The Defendants, acting under color of law, failed to follow federal, state and local law in connection with the adoption of Rezone Ordinance 2024-15299, depriving Plaintiff of his rights and privileges protected by the Constitution and laws of the United States, and adversely affecting the value and use of the Plaintiff's Property.

38. Such deprivation was without rational basis, including without limitation having improper motives and by means that were pretextual, arbitrary and/or capricious.

39. The foregoing constitutes a violation of Plaintiffs substantive due process rights.

40. As a result of such violation, Plaintiff has suffered injury, and such injury has resulted in damages to Plaintiff.

WHEREFORE, Plaintiff, GREGORY B. MYERS, respectfully requests that the Court enter judgment in favor of Plaintiff and against the Defendants, jointly and severally, awarding damages; awarding temporary and permanent injunctive relief; awarding costs of this suit; and such other further relief as the Court deems just and proper.

## COUNT IV
## 42 U.S.C. § 1983
## Fifth Amendment Takings Claim

41. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

42. Plaintiff has a legal interest in the property which is the subject of Rezone Ordinance 2024-15299.

43. Plaintiff's legal interest in the property which is the subject of Rezone Ordinance 2024-15299 is a constitutionally protected property interest.

44. The Defendants, individually and collectively, acting under color of law, failed to follow federal, state and local law in connection with Rezone Ordinance 2024-15299, depriving Plaintiff of his rights and privileges protected by the Constitution and laws of the United States, and adversely affecting the value and use of the Plaintiff's property.

45. Such deprivation was without rational basis, including without limitation having improper motives and by means that were pretextual, arbitrary and/or capricious.

46. The foregoing constitutes a permanent physical invasion of Plaintiff's property.

47. The foregoing constitutes an uncompensated physical and regulatory taking of Plaintiff's property in violation of Plaintiff's civil rights as established by the Fifth and Fourteenth Amendments to the Constitution of the United States.

48. As a result of such violation, Plaintiff has suffered injury, and such injury has resulted in damages to Plaintiff.

WHEREFORE, Plaintiff, GREGORY B. MYERS, respectfully requests that the Court enter judgment in favor of Plaintiff and against the Defendants, jointly and severally, awarding damages; awarding temporary and permanent injunctive relief; awarding costs of this suit; and such other further relief as the Court deems just and proper.

## COUNT V
### Section 163.3215, Fla. Stat.
### Declaratory, Injunctive, and Other Relief

49. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

50. Plaintiff has a legal interest in the property which is the subject of Rezone Ordinance 2024-15299.

51. Chapter 163, Part II, Florida Statutes, the Local Comprehensive Planning and Land Development Regulation Act (hereinafter the "Community Planning Act"), requires each local government in Florida to prepare and adopt a local comprehensive plan that contains mandatory elements and implementing objectives and policies that address important issues such as land use, traffic circulation, conservation, coastal zone management, and the adequacy of facilities and infrastructure. Section 163.3167, Fla. Stat.

52. Once a comprehensive plan is adopted, all development order actions taken by the local government thereafter are legally required to be consistent with the policies in the adopted plan. Section 163.3194, Fla. Stat. If there is an inconsistency between a comprehensive plan policy and a land development regulation, the comprehensive plan controls. *Id*.

53. Plaintiff has vested rights in the City of Naples Comprehensive Plan.

54. Rezone Ordinance 2024-15299 is not consistent with the City of Naples Comprehensive Plan including, without limitation, traffic and fiscal impacts of the proposed project violate the City's Comprehensive Plan.

55. Rezone Ordinance 2024-15299 is not consistent with the City of Naples Comprehensive Plan including, without limitation, the height limit of the proposed project violates both the City of Naples Charter and the City's Comprehensive Plan.

56. As a result of such violations, Plaintiff has suffered injury, and such injury has resulted in damages to Plaintiff.

WHEREFORE, Plaintiff, GREGORY B. MYERS, respectfully requests that the Court enter judgment in favor of Plaintiff and against the Defendants, jointly and severally, awarding damages; awarding temporary and permanent injunctive relief; awarding costs of this suit; and such other further relief as the Court deems just and proper.

## ENGLAND AND JENNINGS RESERVATION OF RIGHTS

Plaintiff, GREGORY B. MYERS, hereby reserves any and all of his federal takings claims under the Fifth and Fourteenth Amendments to the United States Constitution arising under the facts alleged herein. Plaintiff, GREGORY B. MYERS, hereby further reserves any and all of its rights to file a Bert Harris Act claim under Section 70.001, Florida Statutes.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims or issues so triable.

Respectfully submitted,

/s/ Gregory B. Myers
Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*