```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION

GREGORY B. MYERS,

     Plaintiff,

v.                              Case No:  2:24-cv-285-JES-KCD

CITY  OF  NAPLES,  FLORIDA,
TERESA    HEITMANN,    RALF
BROOKES,  JAY  BOODHESHWAR,
ERICA  MARTIN,  and  NAPLES
COMMUNITY HOSPITAL, INC.,

     Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on review of defendants' Joint Motion to Dismiss Plaintiff's Amended Complaint (Doc. #4) filed on May 14, 2024. Plaintiff filed a Response in Opposition (Doc. #23) on July 8, 2024.

**I.**

Jurisdiction is based on the presence of a federal question (28 U.S.C. § 1331), 28 U.S.C. § 1343 (for actions dealing with civil rights granted under 42 U.S.C. § 1985), 42 U.S.C. § 1983, as well as 42 U.S.C. § 1985 (conspiracy to impede official duties, obstructing justice, intimidation, and to deprive persons of

rights)[1].  Jurisdiction over state claims is asserted under 28 U.S.C. § 1367 for supplemental claims.

On August 26, 1887, the "Plan of Naples" was filed in Collier County Records.  On February 7, 2024, the City of Naples, through its City Council, passed and adopted Ordinance 2024-15299 to determine the rezoning petition of 13.72 acres from the medical district to the public service district for a portion of the property owned by Naples Community Hospital.  The rezone ordinance was signed and filed with the City Clerk on March 1, 2024.  On the same day, the City Council also considered a conditional use petition for the development of a community hospital to be known as the Naples Community Hospital Heart, Vascular, and Stroke Institute in the public service district.  The City Council voted to adopt the resolution and it was filed with the City Clerk on April 1, 2024.  A site plan petition for the community hospital was also considered and filed with the Clerk on the same day.

In Count I, plaintiff alleges a breach of contract by defendants because he is a beneficiary with vested rights in the Plan of Naples and defendants breached the Plan.  Counts II and III allege a violation of due process (procedural and substantive,

---

[1] As there are no conspiracy or civil rights claims based on race stated in the Amended Complaint, the Court declines to find that federal jurisdiction is present under 28 U.S.C. § 1343 or 42 U.S.C. § 1985.

respectively) pursuant to 42 U.S.C. § 1983 because plaintiff has a legal interest in the property that was rezoned by Ordinance 2024-15299. Plaintiff alleges that defendants, acting under color of law, failed to follow law in connection with the adoption of Ordinance 2024-15299, depriving plaintiff of the value and use of the property without rational basis. Count IV alleges an unconstitutional taking without just compensation under the Fifth Amendment of the U.S. Constitution pursuant to 42 U.S.C. § 1983. Count V seeks declaratory relief under Florida law because plaintiff has vested rights in the City of Naples Comprehensive Plan and a legal interest in the property subject to rezoning. Plaintiff alleges that the rezoning ordinance is not consistent with the Naples Comprehensive Plan and plaintiff has suffered injury.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v.

Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

"In ruling on a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, it is within the district court's discretion to devise a method for making a determination with regard to the jurisdictional issue." Kennedy v. Floridian Hotel, Inc., 998 F.3d 1221, 1232 (11th Cir. 2021) (quotation marks and citation omitted). In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent

with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

A pleading drafted by a party proceeding unrepresented (*pro se*) is held to a less stringent standard than one drafted by an attorney, and the Court will construe the documents filed as a complaint and amended complaint liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015).

### III.

Section 1983 provides a private cause of action against any person who, under color of state law, deprives a person of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "To state a claim for relief in an action brought under § 1983, plaintiffs must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Focus

5

on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1276–77 (11th Cir. 2003) (citation omitted). "A constitutional claim brought pursuant to § 1983 must begin with the identification of a specific constitutional right that has allegedly been infringed." DeMartini v. Town of Gulf Stream, 942 F.3d 1277, 1288 (11th Cir. 2019) (quoting Paez v. Mulvey, 915 F.3d 1276, 1285 (11th Cir. 2019)).

Plaintiff's federal question claims are based on a lack of procedural due process, substantive due process, and an unconstitutional taking. The Court addresses each in turn.

**A. Due Process**

"The Due Process Clause provides two different kinds of constitutional protections: procedural due process and substantive due process. [] A violation of either of these two kinds of protection may form the basis for a suit under § 1983." Maddox v. Stephens, 727 F.3d 1109, 1118 (11th Cir. 2013) (citing McKinney v. Pate, 20 F.3d 1550, 1555 (11th Cir. 1994) (en banc)). "In substantive due process cases, the claimant seeks compensatory damages for the value of the deprived right. In procedural due process cases, however, although the claimant may seek compensatory damages, the primary relief sought is equitable." McKinney, at 1557.

6

**1) Procedural Due Process**

A claim for deprivation of property without due process is a claim of procedural due process. "'Procedural due process rules are not meant to protect persons from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." Carey v. Piphus, 435 U.S. 247, 259 (1978). 'In this circuit, a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." Arrington v. Helms, 438 F.3d 1336, 1347 (11th Cir. 2006) (quoting Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003))." Am. Fed'n of Lab. & Cong. of Indus. Organizations v. City of Miami, FL, 637 F.3d 1178, 1186 (11th Cir. 2011).

"A local government or municipality may be sued when the execution of a policy or custom is the "moving force of the constitution violation" "whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978).  "If a facially-lawful municipal action is alleged to have caused a municipal employee to violate a plaintiff's constitutional rights, the plaintiff must establish 'that the municipal action was taken with 'deliberate

7

indifference' as to its known or obvious consequences.'" Am. Fed'n of Lab. & Cong., 637 F.3d at 1187 (citation omitted) (quoting Bd. Of Cnty. Comm'rs v. Brown, 520 U.S. 397, 407 (1997)).

"[A] procedural due process violation is not complete 'unless and until the State fails to provide due process.' In other words, the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." McKinney, 20 F.3d at 1557 (internal citation omitted).

Plaintiff generically alleges that he has a "legal interest" in property owned by Naples Community Hospital and "[t]he Defendants, acting under color of law, failed to follow federal, state, and local law in connection with the adoption of Rezone Ordinance 2024-15299." (Doc. #3 at ¶ 30.)  The general allegations identify several ordinances, but no facts are stated to support plaintiff's legal interest in the property, or what state action was taken with deliberate indifference, or whether the state refused to remedy any alleged procedural deprivation.  The documents attached to the Amended Complaint indicate that the property is owned by Naples Community Hospital, a public hearing was held to allow the "public an opportunity to present testimony and evidence", and the petition was approved at the first reading and hearing.  Simply identifying the Ordinance's passage and

8

adoption, which is constitutional on its face, does not support a claim of a policy or custom that deprived plaintiff of any constitutionally protected right. In any event, the failure to allege that adequate state remedies were not available is alone detrimental to plaintiff's claim. The motion to dismiss Count II will be granted as plaintiff has failed to state a claim for a deprivation of procedural due process.

**2) Substantive Due Process**

"The substantive component of the Due Process Clause protects those rights that are 'fundamental,' that is, rights that are 'implicit in the concept of ordered liberty.'" McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994) (citation omitted). "In particular, 'areas in which substantive rights are created only by state law (as is the case with tort law and employment law) are not subject to substantive due process protection under the Due Process Clause because 'substantive due process rights are created only by the Constitution.'" Lewis v. Brown, 409 F.3d 1271, 1272-73 (11th Cir. 2005) (citation omitted). "'Non-legislative', or executive, 'deprivations of state-created rights, which would include land-use rights, cannot support a substantive due process claim, not even if the plaintiff alleges that the government acted arbitrarily and irrationally.'" Id. at 1273.

The test to distinguish between executive and legislative acts is: (1) "Executive acts characteristically apply to a limited

9

number of persons (and often to only one person); executive acts typically arise from the ministerial or administrative activities of members of the executive branch;" and (2) "Legislative acts, on the other hand, generally apply to a larger segment of—if not all of—society; laws and broad-ranging executive regulations are the most common examples." McKinney, 20 F.3d at 1557 n.9.

Plaintiff states that he has a legal interest in the property subject to rezone ordinance 2024-15299, and in the same sweeping manner as Count II, defendants "failed to follow federal, state, and local law in connection with Rezone Ordinance 2024-15299." (Doc. #3-1, Exh. D.)  Plaintiff does not identify what fundamental right is violated.  The property is owned by Naples Community Hospital and the petition was approved at the first reading and hearing.  An ordinance dealing with the rezoning of a specific property owned by the hospital cannot support a procedural due process claim by plaintiff as it was not a legislative action applicable to the general public.

### B. Takings Clause

Count IV is brought under the Fifth Amendment through 42 U.S.C. § 1983.  Under the Takings Clause, "nor shall private property be taken for public use, without just compensation." U.S. CONST. amend. V.

> When the government wants to take private property to build roads, courthouses, or other public projects, it must compensate the owner

> at fair market value. The just compensation requirement comes from the Fifth Amendment's Takings Clause, which provides: "nor shall private property be taken for public use, without just compensation." By requiring the government to pay for what it takes, the Takings Clause saves individual property owners from bearing "public burdens which, in all fairness and justice, should be borne by the public as a whole." Armstrong v. United States, 364 U.S. 40, 49 (1960).
>
> The Takings Clause's right to just compensation coexists with the States' police power to engage in land-use planning. (Though at times the two seem more like in-laws than soulmates.) While States have substantial authority to regulate land use, see Village of Euclid v. Ambler Realty Co., 272 U.S. 365 (1926), the right to compensation is triggered if they "physically appropriat[e]" property or otherwise interfere with the owner's right to exclude others from it, Cedar Point Nursery v. Hassid, 594 U.S. 139, 149–152 (2021). That sort of intrusion on property rights is a *per se* taking. Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419, 426 (1982). Different rules apply to State laws that merely restrict how land is used. A use restriction that is "reasonably necessary to the effectuation of a substantial government purpose" is not a taking unless it saps too much of the property's value or frustrates the owner's investment-backed expectations. Penn Central Transp. Co. v. New York City, 438 U.S. 104, 123, 127 (1978); see also Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 1016 (1992) ("[T]he Fifth Amendment is violated when land-use regulation does not substantially advance legitimate state interests *or denies an owner economically viable use of his land*" (internal quotation marks omitted)).

Sheetz v. Cnty. of El Dorado, California, 601 U.S. 267, 273-74 (2024). Plaintiff repeatedly uses "legal interest in the property"

11

but never once asserts or claims ownership of the property rezoned. Without a clear statement that plaintiff's private property has been taken without just compensation, no such claim can exist. The motion to dismiss will be granted.

### IV.

The Court finds no federal subject matter jurisdiction is stated because plaintiff has failed to allege a claim under 42 U.S.C. § 1983, or any other federal statute. As such, the Amended Complaint will be dismissed without prejudice. Plaintiff will be provided an opportunity to amend.

Accordingly, it is now

**ORDERED:**

Defendant's Joint Motion to Dismiss Plaintiff's Amended Complaint (Doc. #4) is **GRANTED,** and the Amended Complaint is **dismissed without prejudice** to filing a Second Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __24th__ day of July 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record