UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY B. MYERS,

     Plaintiff,

v.                    Case No: 2:24-cv-285-JES-KCD

CITY OF NAPLES, FLORIDA,
TERESA HEITMANN, RALF
BROOKES, JAY BOODHESHWAR,
ERICA MARTIN, and NAPLES
COMMUNITY HOSPITAL, INC.,

     Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on *pro se* plaintiff's Motion to Alter or Amend a Judgment (Doc. #68) filed on October 12, 2024. Defendant Naples Community Hospital, Inc. filed a Response in Opposition (Doc. #69) on October 17, 2024. The Amended Motion to Alter or Amend a Judgment (Doc. #72) filed on October 23, 2024, will be denied.

"Rule 59 applies to motions for reconsideration of matters encompassed in a decision on the merits of a dispute." Wright v. Preferred Rsch., Inc., 891 F.2d 886, 889 (11th Cir. 1990) (citations omitted). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (citation and internal quotation marks omitted). "A Rule 59(e)

motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted and internal quotation marks omitted).

The case was initiated on March 29, 2024, and on July 24, 2024, the Court granted a motion to dismiss finding no subject matter jurisdiction with leave to amend. (Doc. #25.) Plaintiff sought an extension of time to file the amended complaint six times before the Court finally stated that no further extensions would be granted. (Doc. #55.) Plaintiff still filed the Second Amended Complaint one day late, just after midnight, and filed a motion to accept the pleading as timely filed. On September 13, 2024, after consideration of defendant's Objection (Doc. #61), the Court denied the request to accept the untimely Second Amended Complaint and dismissed it without prejudice. (Doc. #62.) Judgment (Doc. #63) was entered dismissing the case without prejudice.

The Court determined that "the untimely filing of the Second Amended Complaint requires the Court to dismiss the case because Mr. Myers has exhibited a disrespect for the Court's deadlines and because the Court no longer had jurisdiction to entertain the amended pleading. The dismissal will be without prejudice." (Doc. #62 at 4.)

Plaintiff argues that the Court relied on the Eleventh Circuit decision in Auto. Alignment & Body Serv., Inc. v. State Farm Mut.

- 2 -

Auto. Ins. Co., 953 F.3d 707, 719 (11th Cir. 2020), which "in turn" cited to Hertz Corp. v. Alamo Rent-A-Car, Inc., 16 F.3d 1126 (11th Cir. 1994), which cited to and "misstates the holding in" Schuurman v. Motor Vessel Betty K V, 798 F.2d 442 (11th Cir. 1986). (Doc. #68 at 4-5.) Plaintiff is incorrect. The decision in Schuurman supports the conclusion that "[i]f the plaintiff does not amend the complaint within the time allowed, no amendment may be made absent leave of court, and the dismissal order becomes final at the end of the stated period." Schuurman, at 445.

Plaintiff also argues that he has not exhibited a disrespect for the Court's deadlines because the Second Amended Complaint was filed within 30 days of the initial deadline, and he could have requested the additional 30 days rather than only requesting a few days at a time. What plaintiff could have done and what was done are not the same. Further, plaintiff's disagreement with the Court's perspective is not a basis to alter or amend the judgment.

Lastly, plaintiff references the requirement for mediation in the Case Management and Scheduling Order as having "its own set of issues" without elaborating on why this requires the Court to alter or amend the judgment.

The case was dismissed without prejudice, and nothing prevents plaintiff from filing a new case with a revised complaint.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Alter or Amend a Judgment (Doc. #68) is **DENIED.**

2. Plaintiff's Motion to Compel Arbitration and Motion to Stay Proceedings (Doc. #70) is **DENIED as moot.**

3. Plaintiff's Amended Motion to Alter or Amend a Judgment (Doc. #72) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __24th__ day of October 2024.

_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 4 -