```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

GREGORY B. MYERS,

       Plaintiff,

v.                                    Case No: 2:24-cv-285-JES-KCD

CITY OF NAPLES, FLORIDA, TERESA HEITMANN, RALF BROOKES, JAY BOODHESHWAR, ERICA MARTIN, and NAPLES COMMUNITY HOSPITAL, INC.,

       Defendants.

## ORDER

This matter comes before the Court on Naples Community Hospital, Inc.'s Renewed Motion for Order Determining its Entitlement to Attorney Fees (Doc. #67) filed on September 30, 2024. No response has been filed and the time to respond has expired.

On July 24, 2024, the Court issued an Opinion and Order (Doc. #25) finding no federal subject matter jurisdiction and dismissing the Amended Complaint without prejudice to filing a Second Amended Complaint. The Court granted three extensions of time with no further extensions to be granted. (Doc. #55.) Plaintiff filed a Second Amended Complaint one day late. (Doc. #58.) On September 13, 2024, the Court issued an Opinion and Order (Doc. #62) denying plaintiff's Motion to Accept Second Amended Complaint and

dismissing the Second Amended Complaint without prejudice. On September 16, 2024, Judgment (Doc. #63) was entered. Defendant seeks a determination of its entitlement to recover attorney fees under 42 U.S.C. § 1988 and Fla. Stat. § 163.3215(3) and (8)(c).

In a civil rights proceeding, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Although the statute does not differentiate between a prevailing plaintiff and a prevailing defendant, the United States Supreme Court has found that "a district court may in its discretion award attorneys' fees to a prevailing defendant in a Title VII or section 1983 action upon a finding that the plaintiff's lawsuit was 'frivolous, unreasonable, or without foundation.'" Sullivan v. Sch. Bd. of Pinellas Cnty., 773 F.2d 1182, 1188 (11th Cir. 1985) (citing Hughes v. Rowe, 449 U.S. 5, 14-15 (1980) and Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)). The case was dismissed for jurisdictional reasons and not based on the merits or lack thereof. Therefore, the Court finds that defendant is not entitled to attorney fees.

Under Florida law, a party may maintain an action for declaratory, injunctive, or other relief against a local government challenging a "decision of such local government granting or denying an application for, or to prevent such local government from taking any action on, a development order … on the

basis that the development order materially alters the use or density or intensity of use on a particular piece of property, rendering it not consistent with the comprehensive plan adopted under this part. Fla. Stat. § 163.3215(3). The prevailing party to a challenge to a development order may "recover reasonable attorney fees and costs incurred in challenging or defending the order, including reasonable appellate attorney fees and costs." Fla. Stat. § 163.3215(8)(c). When a case is "ultimately defeated based on defects which are subject to waiver", attorney fees are no appropriate. Shahan v. Listle, 703 So. 2d 1090, 1091 (Fla. 2d DCA 1997). As with the civil rights statute, the Court did not reach the issue of whether plaintiff's case had merit. Therefore, attorney fees will be denied under the state statute as well.

Accordingly, it is hereby

**ORDERED:**

Naples Community Hospital, Inc.'s Renewed Motion for Order Determining its Entitlement to Attorney Fees (Doc. #67) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___31st___ day of October 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record